IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO.: 4:10-477 |
| ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| LIVINGSTON ALONZA WRIGHT ) | |
| ) | |

### PRELIMINARY ORDER OF FORFEITURE

1. On April 27, 2010, a federal grand jury in this district returned an indictment against the defendant, Livingston Alonza Wright ("Wright", "Defendant"), charging him with various drug- and firearms-related offenses. Pursuant to Fed.R.Crim.P. 32.2(a), the indictment contained a forfeiture allegation which provided that upon Wright's conviction, certain property enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 853 (a) (1), 853 (a) (2), and 881(a) (7); and 28 U.S.C. § 2461(c).

2. On May 12, 2010, Wright pled guilty to Count 2 of the indictment, which charged him with possession with intent to distribute and distribution of a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c). Wright agreed to forfeit all of his right, title, and interest in and to assets subject to forfeiture under any provision of law, including, but not limited to, his interest in the following real property:

> 2204 West Sumter Street
> Florence, South Carolina 29501
> Florence County, South Carolina

Titled in the name of: Maxine Cottingham[1]
Tax Map No.: 122 01 234
Asset ID# 10-FBI-004466

3. Based upon the Wright's guilty plea, stipulations in his plea agreement, and other matters appearing in the record, the court finds that the above-described property is subject to forfeiture, in that such property constitutes, is derived from, and/or traceable to proceeds Wright obtained, directly or indirectly, as a result of his offenses, and/or such property used or intended to be used, to facilitate such offenses.[2] The court further finds that Wright has an interest in the real property, and that the government has established the requisite nexus between the property and Wright's offense of conviction. Therefore, the real property shall be forfeited to the United States, subject to the provisions of 21 U.S.C. § 853(n) and Rule 32.2(c) governing third-party rights.

4. The court further finds that the United States is entitled to a judgment of forfeiture and possession of the real property, pursuant to 21 U.S.C. § 853(g) and Fed.R.Crim.Pro. 32.2(b)(3), and that Wright shall forfeit to the United States all of his right, title, and interest in and to the real property.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. All right, title, and interest of Defendant Livinston Alonza Wright in and to the following real property is hereby forfeited to the United States of America for disposition in

---

[1] The property description in the indictment lists Livingston Alonza Wright as the property owner. While the property was formerly titled to Wright, records indicate that Wright ostensibly transferred title to his sister, Maxine Cottingham, on July 18, 2008. However, in his plea agreement, Wright stipulated that he is the true owner of the real property. Entry 52 (Plea Agreement, ¶ 12 F).

[2] In his plea agreement, Wright admits that the real property is subject to forfeiture as proceeds of illegal drug activity, and that such property facilitated such activity. Plea Agreement, ¶ 12 E.

accordance with law, subject to the provisions of 21 U.S.C. § 853(n) and Rule 32.2(c) governing the rights of third parties in such property:

> 2204 West Sumter Street
> Florence, South Carolina 29501
> Florence County, South Carolina
> Titled in the name of: Maxine Cottingham
> Tax Map No.: 122 01 234
> Asset ID# 10-FBI-004466

2.      Upon entry, this Order becomes final as to the defendant, LIVINGSTON ALONZA WRIGHT, and shall be made part of his sentence and included in the criminal judgment.

3.      In his plea agreement, Wright has agreed not to seek a stay of the forfeiture pending any appeal from conviction or order of forfeiture pursuant to F. R. Crim. P. 32.2(d), and has consented to the transfer of property interests to third parties or other disposition of the above-described property prior to a decision becoming final on any such appeal, upon determination of third parties' rights and entry of a Final Order of Forfeiture.

4.      Upon entry of this Order, the United States Marshals Service, or their designees, are authorized to seize the above-described forfeited property as directed by the United States Attorney's Office. The United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the property, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5.      This Order shall serve as a Writ of Entry and Inspection, authorizing the United States Marshals Service and their authorized representatives to enter onto and into the premises of the above-described real properties as necessary for purposes of conducting inspections, appraisals and videotaping the property, to record and document the condition, value and maintenance of the

property until these proceedings are concluded. Any occupants shall be served with a copy of this order and provided notice of the forfeiture of the said property.

6. The United States shall publish notice of this Order and its intent to dispose of the property in such manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property.

7. Any person, other than the above-named defendant, asserting a legal interest in the subject property may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of such alleged interest in the subject property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Rule 32.2(c)(2).

8. Any petition filed by a third party asserting an interest in the above-referenced property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, any additional facts supporting the petitioner's claim and the relief sought.

9. The United States shall have clear title to the said property following the court's determination of all third-party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

10. The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11.  The Clerk, U.S. District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office for service of interested third parties and other purposes.

AND IT IS SO ORDERED.

*Terry L. Wooten*
TERRY L. WOOTEN
UNITED STATES DISTRICT JUDGE

Florence, South Carolina

*February 18*, 2011